## THE PEOPLE v. WILLIAM PARROW.

80    567
134    591

*Criminal law—Burglary—Larceny—Bar to prosecution.*

An acquittal under an information charging the respondent with burglary with *intent* to commit the crime of larceny, is not a bar to a subsequent prosecution for the same larceny, charged to have been *actually* committed.

Exceptions before judgment from Alpena.   (Kelley, J.) Argued May 1, 1890.   Decided May 9, 1890.

Respondent was convicted of larceny.   Conviction affirmed and court directed to proceed to judgment. The facts are stated in the opinion.

*Turnbull & Dafoe,* for respondent, contended:

1. No person, after acquittal on the merits, shall be tried for the same offense; citing Art. 6, § 29, Const. Mich.; How. Stat. § 9070; *People v. Gardner,* 62 Mich. 307; *People v. White,* 68 Id. 648.

2. An acquittal or conviction of the offense of burglary is a bar to a prosecution for larceny forming part of the same transaction; citing *Triplett v. Com.,* 84 Ky. 193; *Jones v. State,* 55 Ga. 625 (1 Amer. Cr. R. 510); *State v. Wiles,* 26 Minn. 381 (2 Amer. Cr. R. 621); *State v. Colgate,* 31 Kan. 511 (5 Amer. Cr. R. 71); *State v. Mikesell,* 70 Iowa, 176; *State v. Cooper,* 13 N. J. Law, 375; and a conviction for burglary bars further prosecution for theft; citing *Howard v. State,* 8 Tex. App. 447; *Miller v. State,* 16 Id. 417.

3. The prosecutor may carve the highest crime out of the transaction, and prosecute for the same, but he can carve but once; citing *Woodford v. People,* 62 N. Y. 128; *State v. Colgate, supra;* and, in civil cases, causes of action cannot be split; citing *Dutton v. Shaw,* 35 Mich. 431.

4. The constitutional provision cited was intended to confer a privilege not existing at common law; citing *People v. Harding,* 53 Mich. 486.

5. The former trial, among other things, determined that the respondent, on the night in question, did not break and enter

the store with intent to commit the crime of larceny, and these facts he had the right to prove by the former verdict and judgment.

6. An adjudication, when used as an estoppel in another action between the same parties, upon the same claim or demand, is conclusive, not only as to every matter which was received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. When used as an estoppel in an action on another claim or demand, it is conclusive on any material fact, common to both, which was actually controverted, litigated, and determined in the former action, and on those only; citing Abb. Tr. Ev. 828; Big. Estop. 45, 112.

*B. W. Huston,* Attorney General, and *James McNamara,* Prosecuting Attorney, for the people, contended for the doctrine stated in the opinion, citing the authorities therein cited.

LONG, J. The respondent was convicted in the circuit court for Alpena county of the larceny of $35 in money. The money was taken from a till in the store of Muellerweiss & Co. on May 31, 1889, in the night-time. At the time respondent was arraigned, and before pleading to the information for larceny, his counsel moved to quash the information and discharge the respondent, on the ground that the respondent had been tried and acquitted at the former term of that court of the crime of burglary in breaking and entering the store with intent to commit the crime of larceny of the same money. The information for the burglary was as follows, omitting the title:

" James McNamara, prosecuting attorney for the county of Alpena aforesaid, for and in behalf of the people of the State of Michigan, comes into said court, in the May term thereof, A. D. 1889, and gives it here to understand and be informed that William Parrow, late of the city of Alpena, in the county of Alpena and State of Michigan, heretofore, to wit, on the 30th day of May, in the year one thousand eight hundred and eighty-nine, at

the city of Alpena, in said Alpena county, about the hour of 12 o'clock in the night-time of said day, ·with force and arms, at the city aforesaid, the shop of John Muellerweiss, Jr., and Andrew W. Comstock, members comprising the firm of Muellerweiss & Company, there situate, not adjoining to or occupied with a dwelling-house, feloniously did break and enter, with intent the goods and chattels of said Muellerweiss & Company, in the said shop then and there being found, then and there feloniously and burglariously to steal, take, and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The information under which ·the respondent was tried and convicted in the present case reads as follows, after the title of the court and cause:

"James McNamara, prosecuting attorney for the county of Alpena aforesaid, for and in behalf of the people of the State of Michigan, comes into said court, in the November term thereof, A. D. 1889, and gives the said court there to understand and be informed that William Parrow, late of the city of Alpena, in the county of Alpena and State of Michigan, heretofore, to wit, on the 31st day of May, in the year of our Lord one thousand eight hundred and eighty-nine, at the city of Alpena and in said Alpena county, $35, of the property, goods, chattels, and money of John Muellerweiss and Andrew W. Comstock, members comprising the firm of Muellerweiss & Company, then and there being found, feloniously did steal, take, and carry away, contrary to the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The court overruled the motion, and the cause proceeded to trial before a jury, who found the respondent guilty. ·

There are several assignments of error, but they all relate, substantially, to the refusal of the court to quash the information and discharge the respondent by reason of his acquittal under the information for burglary.

It is insisted by counsel for the respondent that the

trial for the burglary, and for the larceny under the present information, was for the same offense, and therefore the present prosecution is contrary to section 29, Art. 6, of the Constitution of this State, which provides that—

"No person, after acquittal upon the merits, shall be tried for the same offense."

That, inasmuch as larceny might have been charged in the former information, his acquittal thereunder barred a prosecution for larceny forming a part of the same transaction.

The crime of burglary was charged in the first information under How. Stat. § 9134, which provides that—

"Every person who shall break and enter, in the night-time, any office, shop, store, * * * with intent to commit the crime of murder, rape, robbery, or any other felony, or larceny, shall be punished," etc.

The information for burglary, after charging that he did "break and enter," says:

"With intent the goods and chattels of said Muller-weiss & Company, in the said shop then and there being found, then and there feloniously and burglariously to steal, take, and carry away, contrary to the form of the statute," etc.

The last information charges that the respondent—

"At the city of Alpena and in said Alpena county, $35, of the property, goods, chattels, and money of * * * Muellerweiss & Company, then and there being found, feloniously did steal, take, and carry away, contrary to the statute," etc.

In order to convict of burglary under that information, it was necessary to establish that the store was not adjoining to or occupied with a dwelling-house, and a breaking and entering of the store in the night-time, with intent to commit the crime of larceny. The failure to prove these elements would be a failure of conviction.

The breaking and entering may not have been established, or the fact that it was in the night-time. These elements were not necessary to a conviction of larceny. Mr. Bishop, in his work on Criminal Law (3d ed.), § 803, lays down the rule as follows:

"If a single count of the indictment charges him with breaking, entering, and stealing, they say his offense is single, being burglary committed in a particular manner; but, if the first count sets out in the other way the burglary as done by breaking and entering with intent to steal, then a second count may allege the larceny as a separate thing, and he may be convicted and sentenced for both. Therefore an acquittal of burglary with intent to commit larceny is no bar to a subsequent prosecution for the larceny charged to have been actually committed."

This is the doctrine adhered to in Massachusetts. *Com. v. Goddard*, 13 Mass. 458; *Com. v. Bakeman*, 105 Id. 53; *Morey v. Com.*, 108 Id. 433. It is also followed in Indiana, in *State v. Warner*, 14 Ind. 572. This seems to be the rule which obtains in most of the states.

Counsel for respondent contend that this was the old rule, but that the more modern cases hold that such an acquittal would be a bar. But one case is, however, cited which goes to the extent claimed. *Triplett v. Com.*, 84 Ky. 193, holds such conviction or acquittal a bar. Mr. Justice Pryor, who wrote the opinion of the court in that case, after citing Mr. Bishop and the rule there laid down, says that he is aware the whole weight of authority is adverse to his views, but he thinks that the whole reason and philosophy of the law, as well as justice to the accused, requires a different ruling. The only authority cited, however, by him, is a dissenting opinion in *Wilson v. State*, 24 Conn. 57.

The court very properly held that the acquittal for burglary under that information, as framed, was no bar to this prosecution. In view of this, the other errors

assigned are unimportant. The case comes up on exceptions before sentence.

The verdict must stand, and the court is advised to proceed to sentence.

The other Justices concurred.