### ANDERSON v. VAN BUREN CIRCUIT JUDGE.

INTOXICATING LIQUORS—LOCAL OPTION—ILLEGAL SALES—PERJURY—JEOPARDY.

A conviction of a druggist for selling liquor contrary to the provisions of the local option law is not a bar to a prosecution for perjury in making a false statement to the prosecuting attorney of his liquor sales.

*Mandamus* by David Anderson, prosecuting attorney of Van Buren county, to compel John R. Carr, circuit judge of said county, to vacate an order quashing an information. Submitted September 15, 1903. (Calendar No. 19,991.) Writ granted October 27, 1903.

The "Local Option Law," so called, is in force in the county of Van Buren. Section 1 of the act (Pub. Acts 1899, Act No. 183) prohibits the sale of intoxicating liquors as a beverage. Druggists are permitted to sell for certain purposes. Section 25 requires every druggist to make a statement, either written or printed, signed and sworn to by himself or his clerk, on the first Monday of each week, giving the full statement of his sales of liquor for the week previous, and the names and the residences of those to whom they are sold. Section 16 provides the penalty for any violation of sections 1 and 25.

One Charles H. Rogers kept a drug-store in the city of South Haven, and under this act was prosecuted for selling liquor contrary to its provisions during the week ending July 7, 1902.    To that information he pleaded guilty, and was duly sentenced.    After that information was filed, another information was filed against him, charging him with perjury, under 3 Comp. Laws, § 11306, which reads as follows:

"If any person authorized by any statute of this State to take an oath, or if any person of whom an oath shall be required by law, shall willfully swear falsely in regard to any matter or thing respecting which such oath is authorized or required, such person shall be deemed guilty of perjury, and shall be punished by imprisonment in the State prison as provided in the preceding section."

To this information Rogers filed a special plea in bar, setting forth the former suit, and judgment thereon, as a bar to this prosecution.    The court sustained the plea in bar, and quashed the information.    The relator, the prosecuting attorney, asks the writ of *mandamus* to compel the vacation of such order, and the direction to the respondent to proceed with the trial of the case.

*David Anderson*, Prosecuting Attorney, *in pro. per.*

*Thomas J. Cavanaugh*, for respondent.

GRANT, J. (*after stating the facts*).    The court was in error.    The liquor statute referred to provides for the punishment of two offenses only:    (1) Selling liquor contrary to the provisions of section 1;    (2) the neglect to file the weekly report of sales as provided by section 25.    It contains no provision for the punishment of perjury in making the affidavit required by section 25.    Perjury for making a false affidavit is a separate and distinct offense from that of an illegal sale or a failure to make the report. Conviction of either of those offenses forms no bar, therefore, to the prosecution for perjury.    *People* v. *Saunders*,

4 Parker, Cr. R. 196. A conviction for burglary with intent to commit larceny is no bar to a prosecution for the larceny. *People* v. *Parrow*, 80 Mich. 567 (45 N. W. 514). See authorities there cited.

The writ will issue as prayed.

The other Justices concurred.