No. 14,137.

IN THE MATTER OF THE APPLICATION OF HILL FOR A WRIT
OF HABEAS CORPUS.

HILL *v.* BEST.
(72 P. [2d] 471)

Decided October 4, 1937.

Mr. Stevens Park Kinney, for petitioner.

Mr. Byron G. Rogers, Attorney General, Mr. Reid Williams, Assistant, for respondent.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

Original proceeding in habeas corpus by Opal Hill who alleges that one James C. Hill is unlawfully imprisoned and restrained of his liberty by Roy Best, warden of the Colorado state penitentiary at Canon City. The petition further alleges that the said James C. Hill was informed against in the county of Delta, by the district attorney of the seventh judicial district in October, 1933, on two counts: the first charging burglary, and the second larceny, to which information and each of the counts thereof the said James C. Hill interposed a plea of not guilty. He was subsequently tried by a jury and by separate verdicts found guilty of each of the crimes charged and was thereafter sentenced for a period of not less than five years nor more than eight years on the burglary count, and not less than eight years nor more than ten years on the larceny count, the sentences to run consecutively and not concurrently. The petition asserts that the said James C. Hill has now served the sentence first imposed under the burglary count and that his continued imprisonment and incarceration under the second count is illegal in that the judgment imposes a second sentence for one continuous criminal act and that in so sentencing him the district court exceeded its jurisdiction and violated the constitutional rights of the said

James C. Hill by placing him in double jeopardy. Art. II, §18, Constitution.

As required by previous order of this court the petitioner served a copy of the petition on the attorney general, who has appeared and filed a general and special demurrer to the petition.

It is to be observed that the petition affirmatively shows that Hill has served only the *lesser* of the sentences imposed by the court and has not completed the minimum term for the greater sentence. Under this state of the record the demurrer could undoubtedly be properly sustained under the authority of *Perry v. People,* 38 Colo. 23, 87 Pac. 796, but under the circumstances of the case and the fact that another petition likely would be filed when the minimum term under the heavier sentence is served, we deem it advisable to express our views upon the merits of the contention of the petitioner.

The petition, which must be taken as true in considering the attorney general's demurrer, asserts that the evidence in the original proceeding was to the effect that the prisoner broke into a storehouse and stole therefrom the personal property described in the larceny charge. It is said that the entire criminal action was one continuous move and took but a few moments to perform. On this premise the petitioner asserts, as we have indicated, that a person may not be twice tried for the same offense nor may he be adjudged guilty of two crimes arising from one act. The whole matter, therefore, concededly turns upon the question of whether burglary and larceny perpetrated in one continuous course of action are separate offenses for which the perpetrator may be independently convicted and sentenced.

There can be no doubt that in the case at bar the defendant might have been convicted for the offense of burglary without being convicted for the offense of larceny or vice versa. There is also no question that the two charges could properly be joined in one information. This the petitioner concedes but insists that even though

the convictions for the two offenses mentioned were upon separate counts and under separate verdicts, that the perpetrator could still be punished only by one sentence. With this contention we cannot concur.

While the matter is one of first impression in this court, the question has been decisively settled by the Supreme Court of the United States in the case of *Morgan v. Devine,* 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153, where it was held that persons who steal postage stamps and postal funds from a postoffice after having burglariously entered such postoffice with intent to commit a larceny therein, commit two distinct offenses, which may be separately charged and punished under the provisions of the United States Penal Code, section 190 making it a criminal offense to steal any mail bag or other property belonging to the postoffice department, and section 192 declaring that whoever shall forcibly break into or attempt to break into any postoffice with intent to commit therein any larceny or other depredation shall be punished. This case likewise holds that the conviction and sentence of persons for such two distinct offenses, do not put them twice in jeopardy within the meaning of the Fifth Amendment to the United States Constitution. To the same effect are the cases of *Ebeling v. Morgan,* 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151, and *Morgan v. Sylvester,* 231 Fed. 886.

Bishop on Criminal Law (9th ed.), volume 1, page 788, section 1062, has this to say on the subject: "If in the night a man breaks and enters a dwelling-house to steal therein, and steals, he may be punished for two offenses or one, at the election of the prosecuting power. An allegation simply of breaking, entering, and stealing states the burglary in a form which makes it single, and a conviction therefor will bar an indictment for the larceny or the burglary alone. But equally well a first count may set out a breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced

for both." It is to be noted in the case at bar, as has already been pointed out, the burglary and larceny were charged in two separate counts in the information and two separate verdicts were rendered thereon. The view expressed by the Supreme Court of the United States in *Morgan v. Devine, supra,* which we follow, is in accord with the overwhelming weight of authority in state courts, the following being a few of the cases so holding: *Wilson v. State,* 24 Conn. 38 (p. 56, 2d ed.); *Dodd v. State,* 33 Ark. 517; *Speers v. Comm.,* 17 Gratt. (Va.) 570; *State v. Hackett,* 47 Minn. 425, 50 N. W. 472, 28 Am. St. Rep. 380; *Josslyn v. Comm.* (Mass.), 6 Metc. 236; *State v. Ingalls,* 98 Iowa 728, 68 N. W. 445; *Gordon v. State,* 71 Ala. 315; *Clark v. State,* 59 Tex. Crim. Rep. 246, 128 S. W. 131; *State v. Hooker,* 145 N. C. 581, 59 S. E. 866; *People v. Parrow,* 80 Mich. 567, 45 N. W. 514; *State v. Martin,* 76 Mo. 337.

It should also be definitely noted that the doctrine of *Munson v. McClaughry,* 198 Fed. 72, 42 L. R. A. (N. S.), 302, 117 C. C. A. 180, which is relied upon by the petitioner here and is the only case cited precisely in point in support of her contention, was expressly disapproved by the Supreme Court of the United States in *Morgan v. Devine, supra.* The noncontrolling status of *Munson v. McClaughry, supra,* is also stressed in *Morgan v. Sylvester, supra.* As does the United States Penal Code, the Colorado Criminal Code contains separate sections defining the crimes of burglary and larceny. Under our statute, '35 C. S. A., c. 48, §82 (§6716, C. L. 1921), burglary is the entering of designated buildings and structures with intent to commit murder, robbery, rape, mayhem, larceny or other felony or misdemeanor. By section 85, chapter 48, '35 C. S. A. (§6719, C. L. 1921), larceny is defined as the felonious stealing, taking and carrying away the personal property of another. It is evident under our statute that one can commit the crime of burglary by entering a building with the unlawful intent prescribed by the statute and where the intent is to

commit larceny, the offense is complete regardless of whether the theft is consummated. The contemplated theft may be forcibly prevented by an inmate of the building, or the purpose to steal abandoned and still the perpetrator would be guilty of the crime of burglary. If accomplished, evidence of the larceny would be admissible on the burglary count as the highest proof of the larcenous intent with which entry was made, yet not make the actual larceny one of the essential ingredients of the crime of burglary. Likewise, in making out the attendant case of larceny the prosecutor need not show any burglarious intent or entry, it only being necessary to prove the usual elements of theft as defined by the statute.

As was well said by Mr. Justice Day in *Morgan v. Devine, supra*: "The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress."

An analysis of the Colorado cases cited by the petitioner shows that none of them are authority for her position and are in no manner inconsistent with our conclusions in the case at bar. These cases all have to do with the effect of a single general verdict finding the accused guilty as charged under an indictment or information alleging two criminal offenses. In *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228, and *Perry v. People, supra,* it was decided that the alleged general verdict by reason of fixing the value of the property *taken,* found the defendants guilty of larceny alone. In the case of *Blackett v. People,* 98 Colo. 7, 52 P. (2d) 389, plaintiff was charged with the crimes of larceny as bailee and embezzlement, the offenses relating to the alleged felonious taking of the *same* money in the *same* transaction. The jury returned a general verdict of guilty and this court merely held that the defendant could not be found guilty of committing both separate and distinct offenses in un-

lawfully converting the identical money, so the verdict was faulty in not designating upon which of said offenses the jury found him guilty. In the same category is the case of *Hurley v. People,* 99 Colo. 511, 63 P. (2d) 1227, where the defendant was charged and found guilty of illegally practicing medicine and the practice of chiropractic. The conviction was reversed by this court, the opinion, at page 517, stating: "His acts were in contravention of one or the other statute, or of neither, but assuredly not of both. The verdict of guilty returned on either count was equivalent to a verdict of not guilty on the other count. The two verdicts of guilty were at the same time verdicts of not guilty. They were inconsistent and repugnant. Each negatived the other." No such situation exists in the case at bar.

The demurrer to the petition accordingly is sustained and the petition dismissed.

MR. JUSTICE BOUCK and MR. JUSTICE BAKKE not participating.