Fred Guadalupe TRUJILLO, Register Number 33606, Petitioner,

v.

Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Respondent.

Civ. A. No. 66–C–566.

United States District Court
D. Colorado.

Oct. 27, 1966.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

WILLIAM E. DOYLE, District Judge.

This matter is again before the Court on petition for writ of habeas corpus in forma pauperis.

The request to proceed without prepayment of costs is granted.

Trujillo was sentenced by the El Paso District Court pursuant to a jury finding of guilty to two counts of an Information: 1) burglary, and 2) assault with intent to rob. Sentence was imposed on October 6, 1961. Sentences of from nine and one-half years to ten years on the first count and of thirteen and one-half years to fourteen years on the second count were imposed. The sentences were ordered to run consecutively.

The first petition filed by Trujillo asserted that the evidence on which his conviction was based was insufficient as a matter of law. That contention was rejected and his petition was denied by Order of this Court on December 12, 1963. That Order was affirmed in Trujillo v. Tinsley, 10 Cir. 1964, 333 F.2d 185, the Court of Appeals stating that errors of a state court in a case over which it has jurisdiction, are not reviewable on federal habeas corpus unless there has been a deprivation of a constitutional right.

In the second application in 1965, Trujillo asserted different grounds: that the trial court had no jurisdiction to sentence him to two consecutive sentences upon one information and pursuant to only one crime and transaction. In denying that petition, this Court's Order concluded that the crimes of which petitioner had been convicted were separate and independent, although arising out of the same aggregate group of facts. Hill v. Best, 101 Colo. 243, 72 P.2d 471, 1937. The Court concluded that a certain act may constitute an offense against two statutes, when "each statute requires proof of an additional fact which the other does not." (Citing Henry v. United States, 9 Cir. 1954, 215 F.2d 639; Lewis v. Hudspeth, 10 Cir. 1939, 103 F.2d 23).

The Order also stated that petitioner had cited no authority supporting his allegations of violation of a federally protected right.

The present petition again seeks a writ of habeas corpus, and does so on substantially the same grounds. Petitioner alleges that his confinement violates his constitutional rights under the Fifth and Fourteenth Amendments. He again contends that it was unconstitutional for the trial court to sentence him to two consecutive sentences upon one information charging only one crime and one single intent.

This petition must be denied. The Court in Hill v. Best, 101 Colo. 243, 72 P.2d 471 (1937), considered an analogous situation in which the accused was found guilty of both burglary and larceny. In holding that the imposition of two *consecutive* sentences was proper and did not put the accused in double jeopardy in violation of the Constitution, Mr. Justice Knous followed the test set forth in the opinion of the United States Supreme Court in Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).

> "The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress." 35 S.Ct. 712, 714.

The facts in that case involved persons who had stolen postage stamps and funds from a post office after unlawfully entering the building with the intent to commit a larceny. The Court held that it was proper to charge and convict appellees of two distinct offenses under the United States Penal Code, and that such conviction and sentences for two distinct offenses did not put appellees twice in jeopardy within the meaning of the Fifth Amendment.

The Colorado statutes separately define the offenses of burglary and assault with intent to rob. 1953 C.R.S. 40–3–6; 40–2–33; 40–2–34. Burglary is a crime

against property. It is the unlawful entering of a dwelling house or building with the intent to commit larceny or other felony. On the other hand, assault with intent to rob is a crime directed against a person. It is an unlawful attempt coupled with a present ability to commit a violent injury on the person, with the specific intent to commit robbery.

The offenses here were separate and independent. Two sentences were within the law and such imposition did not constitute a violation of any federally protected right.

The petition is denied.