McNULTY, Judge.
This is an appeal from a summary denial of a Rule 1.850, 33 F.S.A., motion in which petitioner alleged that his probation was revoked without notice to him and without opportunity for him to be heard. While revocation of probation proceedings may be conducted on a much more informal basis than a trial, due process requires at least that one whose probation may be revoked be given notice and an opportunity to be heard.[1]
The record does not refute appellant’s allegations. We therefore reverse and remand for a hearing on the question of the sufficiency of petitioner’s notice and opportunity to be heard when his probation was revoked.
HOBSON, C. J., and LILES, J., concur.

. See, e. g., Brill v. State (1947), 159 Fla. 682, 32 So.2d 607; Hooks v. State (Fla.App.2d 1968), 207 So.2d 459; McNeely v. State (Fla.App.2d 1966), 186 So.2d 520; and Phillips v. State (Fla.App.2d 1964), 165 So.2d 246.