287 So.2d 720 (1974)
Levern SIMMONS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 73-473, 73-484.
District Court of Appeal of Florida, Third District.
January 8, 1974.
Alvin E. Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Craig F. Hall, Legal Intern, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
These appeals are from a conviction of robbery and a revocation of probation. The appellant received five years in the state penitentiary for robbery and two years in the state penitentiary, to begin at the expiration of the five year sentence, upon the revocation of his probation which was entered upon a prior conviction of assault with intent to commit robbery.
In this appeal, two points are presented. The first questions the sufficiency of the evidence to sustain the conviction upon the information charging robbery. A review of the record demonstrates that the evidence is more than sufficient. Therefore, the final judgment and sentence are affirmed.
As to the revocation of probation, the appellant contends that the revocation proceeding violated the due process requirement of the state and federal constitutions. It is claimed that appellant was not given sufficient notice of the proceeding. The appellant does not contend that an objection was raised at any time prior to this appeal, but he urges that the record is so deficient that it constitutes fundamental error. We have examined the record in the light of the briefs and oral argument and find that it is clear that appellant, who was represented by private counsel, understood that the revocation proceeding was being held as an adjunct to the robbery trial. Appellant did not request a separate proceeding, and it is obvious from the *721 record that all parties knew that if appellant were convicted of a new crime, his previous probation would be revoked. Under these circumstances, we hold that no fundamental error appears. See Caston v. State, Fla. 1952, 58 So.2d 694; Egantoff v. State, Fla.App. 1968, 208 So.2d 843.
Affirmed.