305 So.2d 178 (1974)
Levern SIMMONS, Petitioner,
v.
STATE of Florida, Respondent.
No. 44951.
Supreme Court of Florida.
December 11, 1974.
*179 Paul Pollack of Pollack, Yocom, Tunkey, Robbins & Mosca, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for respondent.
ERVIN, Justice.
We have for review by writ of certiorari a decision of the District Court of Appeal, Third District, affirming petitioner's conviction of robbery and revocation of parole, reported at 287 So.2d 720. Petitioner alleged conflict with Benitez v. State (Fla.App. 1970), 230 So.2d 190, and Hooks v. State (Fla.App. 1970), 207 So.2d 459. We issued the writ and the parties waived oral argument. Upon further consideration of the briefs and the record, below, we now conclude the writ was improvidently issued.
The facts show petitioner was charged with robbery. Thereafter he was declared insane and committed to the Division of Mental Health. Upon regaining his sanity, petitioner pleaded guilty to assault with intent to commit robbery and was sentenced to eleven months in the county jail to begin from the date of incarceration, followed by two years on probation. Petitioner apparently was credited with eleven months spent in jail and with the Division of Mental Health, inasmuch as the record shows he was placed on probation immediately upon sentencing.
While on probation petitioner was charged with robbery and tried without a jury. At trial petitioner was found guilty of robbery and sentenced to five years in prison. The trial judge simultaneously revoked petitioner's probation and sentenced him to two years in prison to begin at the expiration of the five-year sentence.
Petitioner raises three points for our review. First, he alleges the trial judge erred in revoking his probation without adequate notice of hearing and opportunity to be heard as required by Benitez v. State and Hooks v. State, supra. We do not agree and find no conflict on this point, Benitez was an appeal from a summary denial of a Rule 3.850 motion wherein the petitioner alleged his probation was revoked without notice of hearing or opportunity to be heard. The Second District Court found nothing in the record to refute the petitioner's allegations and reversed and remanded for a hearing on the sufficiency of the petitioner's notice and opportunity to be heard in Hooks where the probationer was acquitted by a jury of breaking and entering with intent to commit grand larceny, the judge at the jury trial was convinced of the probationer's guilt and would not submit himself as a witness, and no testimony regarding the facts was adduced at the revocation hearing, the Second District held the probationer was denied the revocation hearing to which he was entitled. It further held Section 948.06, F.S. presupposes two procedural prerequisites to probation revocation: (1) a "full hearing" (2) which must precede revocation.
*180 In the instant case petitioner was made fully aware at the trial of both the robbery and probation violation charges. The record clearly shows the clerk called both charges to the attention of the court in the presence of both parties without objection either prior to trial or upon sentencing on both charges at the conclusion of the proceedings. We see no direct conflict sufficient to invoke our jurisdiction on this point, and even if there were, petitioner waived his right to review by failing to timely object thereto at trial.
Second, petitioner urges the trial judge erred in finding the evidence sufficient for conviction as a matter of law. Petitioner cites no cases for conflict on this point and we find none; nevertheless, we have reviewed the record and find this argument to be without merit. While there is apparent conflict in the testimony of the state's witnesses as to the exact time of the robbery and related events and the number of persons involved, there is no question as to petitioner's identification or participation therein. Nor do we find petitioner's alibi sufficient to establish his presence elsewhere at the time of the crime. In the absence of a showing that the findings of the trier of fact are clearly erroneous, which findings are clothed with a presumption of correctness, they will not be disturbed on appellate review. Notwithstanding the absence of our conflict jurisdiction, petitioner has made no such showing based on the record before us and is not entitled to relief on this point.
Third, petitioner contends his probation was revoked contrary to Section 948.01(4), F.S. and is therefore a nullity. Careful consideration of the record and briefs of the parties discloses that petitioner failed to raise this issue before the trial court or the District Court, and he may not now do so here. Accordingly, inasmuch as this point was not passed upon below, it may not be cited for conflict nor considered by us on the merits.
Although not raised below and not reviewable by this Court in the instant proceeding, we note, however, that petitioner's two-year sentence for probation violation, effective upon completion of petitioner's five-year sentence for robbery, may conflict, inter alia, with our decision in Brumit v. Wainwright (Fla. 1973), 290 So.2d 39, and the decisions of the Third District Court in Williams v. State (Fla.App. 1973), 280 So.2d 518, and Hutchins v. State (Fla. App. 1973), 286 So.2d 244, all decided subsequent to petitioner's sentence for probation violation herein. Therefore, our decision is without prejudice to petitioner to pursue any postconviction relief to which he may be entitled thereunder in a proper proceeding.
For the foregoing reasons, the writ must be and is hereby discharged.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, McCAIN, DEKLE and OVERTON, JJ., concur.