PER CURIAM.
On this appeal from a revocation of probation, the defendant urges that the trial court erred in admitting into evidence a statement obtained from the appellant by police officers after appellant was taken into custody where the State did not establish that such statement was made after the appellant had been advised of his right to remain silent and his right to counsel. Extended argument is made on the necessity for Miranda warnings to a defendant charged with a violation of probation. See State v. Heath, 343 So.2d 13 (Fla.1977).
We do not reach this point because we find in the record testimony that the “Miranda rights” were given to the defendant prior to his statement. At the revocation hearing, the objection of defendant was *1170 only that “no proper predicate” was laid for the introduction of defendant’s statement to the officer. The objection is too general to raise the point now argued which is based upon the proposition that a general statement of the giving of “Miranda rights” is not sufficient to show compliance with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
A point directed to the sufficiency of the affidavit of violation of probation is without merit. See Simmons v. State, 287 So.2d 720 (Fla.3d DCA 1974).
Affirmed.