285 So.2d 12 (1973)
Clifford CONE and Nathaniel Sanders, Petitioners,
v.
STATE of Florida, Respondent.
No. 42760.
Supreme Court of Florida.
March 7, 1973.
Rehearing Denied December 4, 1973.
C. David Fonvielle and John Wayne Hogan, Asst. Public Defenders, for petitioner.
Robert L. Shevin, Atty. Gen. and H. Tucker Cotton and William E. Whitlock, III, Asst. Attys. Gen., for respondent.
PER CURIAM.
We review on conflict certiorari the per curiam without opinion decision of the District Court of Appeal, First District, in the case of Cone v. State, 265 So.2d 108.
The question presented is whether the trial court erred in imposing upon defendants herein separate concurrent sentences (1) for the offense of armed robbery (life imprisonment) and (2) for the offense of displaying or using a firearm during the commission of the robbery (twenty years imprisonment) on the ground that according to the record proper herein each of the two offenses was a facet or phase of the same transaction or crime and the only sentence that should have been imposed was for the highest offense, i.e., armed robbery.
Petitioners contend the decision of the District Court conflicts with Simmons v. State, 151 Fla. 778, 10 So.2d 436, and Easton v. State, DCA2d, 250 So.2d 294, which hold that "where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed, and for the higher offense."
Inspection of the record proper reveals the information filed in this case reads in salient part as follows:
"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:
GORDON G. OLDHAM, JR., State Attorney for the 5th Judicial Circuit of the State of Florida in and for Marion County, prosecuting for the State of Florida, in the said County, under oath, information makes that Clifford Cone and Nathaniel Sanders of the County of Marion and State of Florida, on the 10th day of June in the year of our Lord, one thousand nine hundred and seventy one, in the County and State aforesaid did, by force, violence, assault or putting in fear, feloniously rob, steal and take away from the person or custody of Barbara Kash, money or other property of *13 Ocala Loan Company, Inc., a Florida Corporation, the subject of larceny, in violation of Florida Statute 813.011
COUNT II:
"And the State Attorney aforesaid, under oath as aforesaid, further information makes that Clifford Cone and Nathaniel Sanders of the County of Marion and State of Florida, on the 10th day of June in the year of Our Lord, one thousand nine hundred and seventy one, in the County and State aforesaid, did willfully and knowingly, while committing a felony, to-wit: Robbery, did unlawfully display, use, threaten or attempt to use a firearm, to-wit: a pistol, a more particular description of which is to the State Attorney unknown; in violation of Florida Statute 790.07(2)
contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."
The reasonable inference to be drawn from the two counts of the information is that the two violations charged, robbery under F.S.Section 813.011, F.S.A., and the displaying or using of a firearm under F.S. Section 790.07(2), F.S.A., occuring on June 10th, 1971, were a part of the same transaction or crime involving the robbery of Barbara Kash. Having ascertained from the record proper the ostensible fact that the two crimes charged were a part of the same criminal act, we adverted to the transcript of testimony and a cursory inspection thereof confirmed the conclusion we drew from the language of the information that the two crimes charged were facets of the same criminal act.
On authority of Simmons v. State and Easton v. State, supra, the cause is remanded with directions that the sentence below be amended by eliminating therefrom the part sentencing defendants to "twenty years as to possession of firearm while engaged in a criminal offense."
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.