313 So.2d 692 (1975)
Ciro ESTEVEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 45155.
Supreme Court of Florida.
February 26, 1975.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Third District, in Estevez v. State, reported at 290 So.2d 138 (Fla.App. 1974), which purportedly conflicts with Davis v. State, 277 So.2d 300 (Fla.App. 1973), Edmond v. State, 280 So.2d 449 (Fla.App. 1973), cert. denied 287 So.2d 690 (Fla. 1973), and Baggett v. State, 287 So.2d 336 (Fla.App. 1974).
Petitioner was informed against, tried and convicted of the crime of breaking and entering a dwelling with intent to commit a felony, to-wit: grand larceny, and of the crime of grand larceny. Separate sentences of three years were imposed to run concurrently.
Upon appeal to the District Court, petitioner urged that the trial court erred in imposing more than one sentence since, petitioner contended, the crimes of breaking and entering with intent to commit grand larceny and grand larceny are facets of the same transaction thus precluding separate sentences for each conviction.
*693 Acknowledging the decisions of the Second District Court of Appeal in Davis v. State, supra, and Edmond v. State, supra, and recognizing the principle announced in Yost v. State, 243 So.2d 469 (Fla.App. 1971), that in Florida, where an information contains more than one count, but each is a facet of the same transaction, only one sentence should be imposed and that is for the highest offense charged, the District Court sub judice found that the Supreme Court had ruled in Steele v. Mayo, 72 So.2d 386 (Fla. 1954), that sentences could be imposed for breaking and entering with intent to commit grand larceny and for larceny. Specifically, in affirming the convictions and sentences, the District Court of Appeal, Third District, stated that it must adhere to the controlling precedent as established by the Supreme Court when there is disagreement by a District Court of Appeal with a controlling precedent of the Supreme Court.
The question which now confronts us is whether the crimes of breaking and entering with intent to commit grand larceny and grand larceny are facets of the same transaction precluding the imposition of two separate sentences upon two convictions.
In Steele v. Mayo, supra, this Court found that the defendant had been properly sentenced to five years for breaking and entering with intent to commit grand larceny and to two years on the larceny charge. Citing from an early federal court decision, this Court in Brown v. State, 135 Fla. 90, 184 So. 777 (Fla. 1938), stated, as follows:
"`According to the great weight of authority, it may be regarded as settled that a person who breaks and enters a house with intent to steal therefrom, and actually steals, may be punished under separate indictments for two offences, or one, at the election of the power prosecuting him.'
"See Bowen v. State, 106 Ala. 178, 17 So. 335; People v. Snyder, 74 Cal. App. 138, 239 P. 706; Ex parte Hill, 101 Colo. 243, 72 P.2d 471; Ex parte Gano, 90 Kan. 134, 132 P. 999; State v. Wheeler, 95 Kan. 679, 149 P. 701; State v. Montcrieffe, 165 La. 296, 115 So. 493; People v. Parrow, 80 Mich. 567, 45 N.W. 514; State v. Hackett, 47 Minn. 425, 50 N.W. 472, 28 Am.St.Rep. 380; Sharp v. State, 61 Neb. 187, 85 N.W. 38; State v. Martin, 76 Mo. 337, 4 Am.Crim.Rep. 86; Smith v. State, 22 Tex. App. 350, 3 S.W. 238; Benton v. Commonwealth, 91 Va. 782, 21 S.E. 495; Triplett v. Commonwealth, 84 Ky. 193, 1 S.W. 84."
The District Courts of Appeal in this state have taken divergent views on this question. The District Court of Appeal, Third District, has consistently followed the controlling precedent as set out by this Court that breaking and entering and grand larceny or robbery are not facets of the same transaction. Kish v. State, 198 So.2d 639 (Fla.App. 3, 1967), Nesmith v. State, 290 So.2d 508 (Fla.App. 3, 1974). See also decisions of the District Court of Appeal, Fourth District, in State v. Conrad, 243 So.2d 174 (Fla.App. 4, 1971), and White v. State, 274 So.2d 6 (Fla.App. 4, 1974).
To the contrary, the District Court of Appeal, Second District, has determined that breaking and entering with intent to commit grand larceny and grand larceny are facets of the same transaction and that the maximum punishment is fixed at that prescribed for the most serious crime proved. Relative to the question to be decided herein, the Second District Court in Davis v. State, supra, declared as follows:
"As to the breaking and entering and petit larceny charges, it must be presumed that the perpetrator breaks and enters with a purpose and that the accomplishment of that purpose and that the accomplishment of that purpose (the petit larceny) can only be classified as part of *694 the same criminal act. To the extent this holding may conflict with our prior decision in Footman v. State, 203 So.2d 356 (Fla.App. 1967), we recede from that decision. The `same transaction' doctrine cannot logically hinge upon the facile test of whether the two transactions fall within the same chapter of the Florida Statutes as the state suggests."
In Edmond v. State, supra, the Second District Court of Appeal explained:
"There is an additional reason to consider that breaking and entering with intent to commit grand larceny and grand larceny should not be cumulatively punishable. Breaking and entering with intent to commit a misdemeanor is punishable by imprisonment for five years, while if the intent be felonious, the penalty is fifteen. In Edmond's case the grand larceny was duly proved, and served as evidence of the intent with which the more serious burglary was charged. Having thereby tripled his punishment, are we to assume that the Legislature also intended to add five years because the larceny was completed? Would we suppose a maximum of 17 1/2 years if the police had arrived during an attempt?
......
"In truth, the multiplication of offenses is a great boon to prosecutors who may find some element missing in their case yet prosecute some cognate offense successfully. The rule limiting the punishment to that prescribed for the gravest offense comprehended within the factual matrix is a small price to pay for this kind of flexibility. If the rule were not fairly applied, relatively minor offenses might be added together to impose excessive sentences. If the legislature wishes to increase the penalties for burglary or larceny, it may do so. Until it does, we assume that by making breaking and entering with the intent to commit grand larceny three times more serious than breaking and entering with intent to commit petit larceny, the intent was to acknowledge the single transaction rule as a limitation of punishment for a single episode."
The Second District Court of Appeal in Baggett v. State, supra, specifically found that breaking and entering with intent to commit a felony and grand larceny were facets of the same transaction and according to this Court's decision in Cone v. State, 285 So.2d 12, the only valid sentence that could have been entered was for the highest offense.
Confronted with the identical question the District Court of Appeal, First District, has very recently held in McHaney v. State, 295 So.2d 355 (Fla.App. 1, 1974), as follows:
"Appellant urges that as the breaking and entering with intent to commit a felony, i.e., grand larceny and the grand larceny were both a part of the same criminal transaction, he can only be sentenced for the highest offense, i.e., breaking and entering with intent to commit a felony. We agree. The key element of breaking and entering with intent to commit a felony, i.e., grand larceny is the intent. To prove the crime of breaking and entering with intent to commit a felony, it must be shown that a grand larceny did occur or that there was property valued at $100.00 or more which could have been the subject of the larceny. We hold that appellant can only be sentenced for the highest offense which is breaking and entering with intent to commit a felony."
See also: Kirkland, et al. v. State, 299 So.2d 54 (Fla.App. 1, 1974).
We adhere to our previous position as announced in Steele, supra, and Brown, supra, *695 and find that breaking and entering and grand larceny are separate offenses, not facets of the same transaction, and that two separate sentences may be imposed upon conviction of the two offenses.
Accordingly, we approve the decision of the District Court presently before us for review and discharge the writ.
It is so ordered.
McCAIN and OVERTON, JJ., and CREWS, LEE and McCRARY, Circuit Court Judges, concur.
ADKINS, C.J., concurs specially with opinion.
ADKINS, Chief Justice (concurring):
I concur in the result reached by the Court for the reason that the crime of breaking and entering with intent to commit grand larceny is separate and distinct from the crime of grand larceny. See Fla. Stat. §§ 810.01 and 811.021, F.S.A.
The commission of grand larceny is made a criminal offense irrespective of whether it was necessary, in order to reach the property asportated, to break and enter a building. The offense is complete when the property is stolen. The offense of breaking and entering a building or dwelling is distinct and apart from the larceny and is complete when the building is entered with the requisite criminal intent, even though that intent, to commit grand larceny for example, is thereafter frustrated or abandoned. Thus, where two separate statutes are violated (and not merely two different sections of the same statute) two separate and distinct crimes have occurred and each may be punished independent of the other. See Norwood v. Mayo, 74 So.2d 370 (Fla. 1954).