322 So.2d 477 (1975)
Catherine JENKINS, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.
No. 46077.
Supreme Court of Florida.
July 2, 1975.
Charles R. Trulock, Jr., of the Law Offices of Howard S. Reiss, Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for respondent.
OVERTON, Justice.
Petitioner filed a petition for writ of habeas corpus and we required a return thereto. At present she is imprisoned under two convictions, one for possession of cannabis sativa and one for possession of a hallucinogenic drug. The trial court imposed judgment and consecutive sentences of five years on each count, for a total of ten years.
The post-conviction proceedings reflect a number of procedural errors, all to petitioner's detriment by counsel initially appointed by the court to represent her. Different counsel now represents petitioner before this Court and was not responsible for the following procedural errors. Following sentencing, petitioner moved to correct the two sentences imposed to a single sentence, which motion was denied. Petitioner appealed, but, on the advice of the appointed assistant public defender, dismissed that appeal and filed in lieu *478 thereof a motion to correct sentence pursuant to Criminal Procedure Rule 3.850. That motion was also denied by the trial court. Counsel for petitioner failed to file an appeal from this order on petitioner's behalf but subsequently filed a petition for writ of habeas corpus with the District Court of Appeal, Fourth District, seeking leave to file a delayed appeal from the order denying the aforementioned motion, asserting that the failure to file was an oversight. This petition was filed over three months after the time for an appeal of the aforementioned order had expired. The District Court denied the petition for writ of habeas corpus on April 11, 1974, and no appeal was filed. A petition for writ of habeas corpus was then filed in this Court over four months after the District Court's final ruling. The issue presented by all the prior motions and petitions filed by this petitioner concerns her sentencing for multiple offenses arising out of the same incident.
We strongly emphasize to the bar of this state that once a petitioner seeks relief in a particular court by means of a petition for extraordinary writ, here habeas corpus, he has picked his forum. He is not entitled to a second or third opportunity for the same relief by the same writ in a different court. Once he has picked this forum, his remedy from an adverse decision is by the appropriate appellate process and not by another petition for an extraordinary writ. The extraordinary writ procedure is not a substitute for an appeal. This has long been the law. See, e.g., Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967); Sneed v. Mayo, 66 So.2d 865 (Fla. 1953); Futch v. Johnson, 101 Fla. 328, 134 So. 791 (1931); State v. Logan, 87 Fla. 348, 100 So. 173 (1924); Dowling v. Lee, 68 Fla. 23, 66 So. 142 (1914); Ex Parte Bowen, 25 Fla. 214, 6 So. 65 (1889).
In the instant case we will consider the petition for writ of habeas corpus solely because there is now a new issue, specifically the lack of proper representation. We will consider the contents of the petition on its merits because of the clear failure of petitioner's appointed counsel to file a timely appeal, not only from the trial court's decision but also from the District Court's decision on the petition for habeas corpus filed therein. Because of this failure, the merits of the issue were never presented on appeal. See Rahming v. Wainwright, 276 So.2d 474 (Fla. 1973); State v. Wooden, 246 So.2d 755 (Fla. 1971); Hollingshead v. Wainwright, supra. Absent this clear lack of proper representation by counsel, this Court would not have the authority to consider the merits of this petition. We could remand this cause to the District Court for its determination on the merits, but under the circumstances in this case, including an apparent conflict in District Court decisions, we believe we should dispose of this matter.
On the merits, the petitioner argues that the offenses for which she was convicted, possession of cannabis sativa and possession of a hallucinogenic drug as charged under separate counts of the information, are merely different facets of the same transaction. It is petitioner's position that she should be discharged from custody, or, alternatively, since only a single sentence was authorized, that the case should be remanded for resentencing. To support this contention, she relies on Lietch v. State, 248 So.2d 203 (Fla.App. 4th 1971), cert. den. 253 So.2d 875 (Fla. 1971), in which the Fourth District Court of Appeal held that a conviction on three counts of unlawful possession of a central nervous system stimulant and a barbiturate could only result in a single sentence where the possessions occurred at the same time and place. See also Edmond v. State, 280 So.2d 449 (Fla.App.2d 1973), cert. den. 287 So.2d 690 (Fla. 1973); Yost v. State, 243 So.2d 469 (Fla.App.3d 1971). In addition, we note that previous decisions of this Court have been cited as adopting the single transaction rule. E.g., Foster v. State, 286 So.2d 549 (Fla. 1973); Cone v. State, *479 285 So.2d 12 (Fla. 1973); Williams v. State, 69 So.2d 766 (Fla. 1954).
It is the respondent's position that the trial court's action in imposing two consecutive sentences is sustained by Parker v. State, 237 So.2d 253 (Fla.App. 1st 1970), which conflicts with the above-cited decisions of the Fourth and Second District Courts. In that case the defendant, Parker, was charged with (1) possession of marijuana; (2) possession of a barbiturate; and (3) delivering or causing to be delivered a barbiturate, to wit, seconal. The First District Court of Appeal held that these were three separate and distinct violations of law even though all arose from a single criminal transaction or incident.
This Court has previously held in Norwood v. Mayo, 74 So.2d 370 (Fla. 1954), that the forging and uttering of a forged instrument are each separate offenses and approved the imposition of consecutive sentences. Further, in Estevez v. State, 313 So.2d 692 (Fla. 1975), we held that breaking and entering with intent to commit grand larceny and grand larceny are each separate offenses for which separate sentences may be imposed. We specifically said that these offenses were not "facets of the same transaction" although they arose out of the same incident. We cited for authority our prior decision in Steele v. Mayo, 72 So.2d 386 (Fla. 1954).
The United States Supreme Court, in Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), approved the charging and sentencing of a defendant for three separate drug offenses arising out of the same incident. The defendant in Gore asserted the theory that the imposition of multiple sentences for multiple drug offenses arising out of the same incident was a violation of the double jeopardy provision of our constitution. The United States Supreme Court rejected that contention.
The facts in the instant case show that the petitioner had possession of two separate drug substances, each of which constitutes in and of itself a separate violation of law. If multiple sentences are proper as set forth in Steele v. Mayo, supra, Norwood v. Mayo, supra, and Estevez v. State, supra, they are proper in this instance, and we so hold. We recede from our decision in Foster v. State, supra, to the extent that it conflicts with this opinion.
We recognize that other states have mandated by statute that multiple or consecutive sentences are not to be imposed for offenses committed as part of a single transaction. E.g., California Penal Code § 654 (West 1970); Illinois Rev.Statute Ch. 38, § 1005-8-4(a) (1973); Minn.Statutes § 609.035 (1974). In the absence of a specific Florida statute, this Court adheres to the view expressed in its prior decisions in Steele v. Mayo, supra; Norwood v. Mayo, supra; and Estevez v. State, supra.
The petition for writ is discharged for the reasons expressed herein.
It is so ordered.
ROBERTS, J., and FERRIS, Circuit Judge, concur.
ADKINS, C.J., concurs in the conclusion and that portion of the opinion directed to the merits of the case.
BOYD, J., dissents with an opinion with which McCAIN, J., concurs.
BOYD, Justice (dissenting).
I dissent. As in Lietch v. State, supra, the record sub judice shows Petitioner's possession of the drugs occurred at the same time and place, thereby being different facets of the same criminal transaction, regardless of the fact that the State chose to charge Petitioner in separate counts of the information. This Court has held that, when an information contains more than *480 one count but each is a facet or a phase of the same transaction, there can be only one sentence imposed. See Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942); Williams v. State, 69 So.2d 766 (1954); Cone v. State, 285 So.2d 12 (Fla. 1973). While it is true that the State is at liberty to prosecute an individual under several different characterizations of essentially the same criminal episode, it is not at liberty to punish him cumulatively for what is essentially the same conduct variously described. See Benson v. State, 301 So.2d 503 (Fla.App. 1974). Therefore, while I would affirm the adjudications of guilt, on the authority of Lietch, supra, I would remand the cause to the trial court to vacate the present sentences and to enter a single sentence as authorized by law.
Accordingly, I must dissent to the majority opinion.
McCAIN, J., concurs.