322 So.2d 480 (1975)
STATE of Florida, Petitioner,
v.
Charles Edward KIRKLAND and James Robert Luke, Respondents.
No. 46123.
Supreme Court of Florida.
November 5, 1975.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for petitioner, cross-respondent.
Richard W. Ervin, III, Public Defender, for respondents, cross-petitioners.
OVERTON, Justice.
This is before us on petition for writ of certiorari to the First District Court of Appeal to review its decision reported at 299 So.2d 54 (Fla.App. 1st 1974). Conflict exists with our decisions in Steele v. Mayo, 72 So.2d 386 (Fla. 1954); Estevez v. State, 313 So.2d 692 (Fla. 1975); and Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975). We have jurisdiction.[1]
The respondent was convicted of the following offenses arising from the same incident: (1) breaking and entering with intent to commit grand larceny; (2) petit larceny; and (3) possession of burglary tools. The First District concluded that the second and third offenses were but facets of the first, and vacated the sentences for those offenses through the application of the so-called single transaction rule.
*481 We reverse. Our decisions in Steele v. Mayo, supra, Estevez v. State, supra, and Jenkins v. Wainwright, supra, dispose of all issues.
This cause is remanded to the First District Court of Appeal with directions to reinstate the sentences which it vacated.
It is so ordered.
ADKINS, C.J., ROBERTS and ENGLAND, JJ., and SIEGENDORF, Circuit Judge, concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const. (1972).