328 So.2d 38 (1976)
Ernest MORENO, Appellant,
v.
STATE of Florida, Appellee.
No. 75-963.
District Court of Appeal of Florida, Second District.
March 3, 1976.
Ronald J. Hoffer of Hoffer & Sheffey, Zephyrhills, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
In 1970, Moreno and his co-defendants, planning to steal some money from the Dade City Post Office, took a post office official from his home and forced him to let them into the post office. They also took a coat and gun from the official during the incident.
Moreno and his co-defendants were each convicted of breaking and entering the official's home with the intent to commit kidnapping, kidnapping, breaking and entering the post office with intent to commit a felony, and petit larceny of the gun and coat. For each defendant, separate sentences were entered on each conviction.
In 1974, appellant filed a motion under RCrP 3.850, contending that only one sentence was proper under the single transaction rule. The trial court vacated the sentence on the kidnapping charge, but refused to vacate any of the other sentences. Moreno filed this appeal from the *39 court's failure to vacate two of the other sentences, and the state has filed a cross assignment of error contending that the court erred in vacating the sentence for kidnapping.
The trial court was eminently correct in holding that petit larceny, breaking and entering the home of the postmaster, and breaking and entering the post office were not part of the same transaction. The fact that all crimes arose out of the same incident is not sufficient to render them facets of the same transaction. See, Estevez v. State, Fla. 1975, 313 So.2d 692; Jenkins v. Wainwright, Fla. 1975, 322 So.2d 477.[1] While all the crimes here were part of the same general plan and may have been directed towards the same purpose, no one of the offenses constituted an essential element of another, rather all were distinct in nature and time, and each involved independent acts.
Furthermore, the state is correct in its contention that separate sentences for breaking and entering and for kidnapping are not barred by the same transaction rule. Estevez v. State, supra. In fairness to the trial judge, we point out that at the time of his ruling, he relied on Edmond v. State, Fla.App.2d 1973, 280 So.2d 449, in which we held that breaking and entering with intent to commit grand larceny, and grand larceny, were facets of the same transaction. Edmond was overruled by the Supreme Court in Estevez, supra, shortly after the trial judge made his ruling in this case.
Accordingly, the order of the trial court is reversed insofar as it vacated the sentence on the kidnapping charge. Otherwise, the cause is affirmed.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] See also our recent opinion in State v. Peavey (Fla.App.2d 1975), 326 So.2d 461. (Opinion filed December 10, 1975), wherein Chief Judge McNulty distinguished between what constitutes a "single episode" and a "single transaction."