331 So.2d 316 (1976)
STATE of Florida, Petitioner,
v.
Charles Lewis RAY, Jr., a/K/a Charles L. Ray, Respondent.
No. 48246.
Supreme Court of Florida.
April 21, 1976.
*317 Robert L. Shevin, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., for petitioner.
Jack O. Johnson, Public Defender, and Douglas A. Wallace, Asst. Public Defender, for respondent.
PER CURIAM.
This is a petition for writ of certiorari to review a decision of the District Court of Appeal, Second District, reported at 320 So.2d 426, because of an asserted conflict with the decisions of this Court in Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975), and Estevez v. State, 313 So.2d 692 (Fla. 1975). Jurisdiction is provided under Article V, Section 3(b)(3), Florida Constitution.
In the case under review the trial court entered judgments, upon guilty pleas, for sexual battery, attempted sexual battery and breaking and entering a dwelling house with intent to commit a felony, to-wit: sexual battery, and, after having entered, making an assault upon a woman lawfully within the dwelling house. The event which was the subject of the judgment for sexual battery occurred on a date separate from the event giving rise to the other two judgments. The trial judge sentenced the defendant to 15 years for the sexual battery. Concurrent five-year sentences were imposed for the other two offenses to run consecutive to the 15-year sentence.
While affirming all three judgments the District Court ordered that the sentence for attempted sexual battery be vacated as violating the single transaction rule. It held that "the attempted sexual battery for which the appellant was convicted was an essential element of the breaking and entering charge." In Jenkins, supra, this Court upheld the imposition of separate sentences for possession of cannabis sativa and possession of an hallucinogenic drug even though the defendant was found in possession of the two separate drug substances on the same occasion. In Estevez, supra, we held that "breaking and entering and grand larceny are separate offenses, not facets of the same transaction, and that two separate sentences may be imposed upon conviction of the two offenses." The convictions in Estevez grew out of a single occurrence.
To resolve the apparent conflict between Jenkins and Estevez and the decision here reviewed we granted the petition for writ of certiorari and dispensed with oral argument. After a careful review of the briefs submitted by the parties, we conclude that the decision in the instant case conflicts with the principles enunciated in Jenkins and Estevez. We are persuaded that these cases represent the proper rule of law applicable to the case at bar. See also Slater v. State, 316 So.2d 539 (Fla. 1975). Accordingly, that portion of the decision of the District Court which vacates the sentence for attempted sexual battery is quashed with directions to remand to the trial court for reinstatement of the original sentence.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.