BOYER, Chief Judge.
After a jury trial, appellant was found guilty and sentenced to three consecutive 15-year sentences. The issue raised in this appeal from the denial of appellant’s motion to vacate and set aside judgment and sentence is whether separate sentences may be imposed for possession of a firearm by a convicted felon, on the one hand, and shooting within an occupied building and assault with intent to commit murder, on the other hand.
Appellant was tried for offenses emanating from two separate incidents occurring on August 26, 1972. Regarding the first incident, the evidence indicated that appellant shot the clerk of a Jiffy Food Store. Later that same day, appellant went to the Fellowship of Men’s Club, had an argument with and shot at Gilbert Crowell, and fired several more shots into the Men’s Club building before fleeing.
Appellant argues that his sentence for possession of a firearm by a convicted felon should be vacated since that offense constitutes a facet of the same transaction of the offenses of assault with intent to commit murder and shooting within an occupied building. Appellant relies on Panzavecchia v. State, Fla.App.3rd 1975, 311 So.2d 782. In that case, our sister court held that separate sentences could not be imposed for the offenses of second degree murder and possession of a firearm by a convicted felon where the offenses arose out of the same transaction.
We must respectfully disagree with the Third District’s holding in Panzavecchia. We have previously held that separate sentences may be imposed for the offenses of breaking and entering with intent to commit a misdemeanor and possession of a firearm by a convicted felon. (Yates v. State, Fla.App.1st 1975, 317 So.2d 462). Sub judi-ce, the offenses for which appellant was convicted involved separate and distinct elements. The crime of possession of a firearm by a convicted felon was completed when appellant, a convicted felon, came into possession of a firearm. The other two offenses for which appellant was convicted, *1039 assault with intent to commit murder and shooting within an occupied building, necessitated proof of the use of a firearm, which is something more than mere possession. (See also Copeland v. State, Fla.App.2nd 1976, 336 So.2d 653).
AFFIRMED.
RAWLS and McCORD, JJ., concur.