338 So.2d 556 (1976)
John Murry JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1764.
District Court of Appeal of Florida, Third District.
October 19, 1976.
Rehearing Denied November 4, 1976.
*557 Phillip A. Hubbart, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant was charged with two counts of robbery, one count of assault with a deadly weapon, and one count of display of a firearm during the commission of a felony. One of the robbery counts was abandoned by the State, and the appellant was acquitted of assault with a deadly weapon. He was tried before the court without a jury and convicted of one count of robbery and display of a firearm during the commission of a felony. The trial court imposed one five year term of imprisonment on both convictions.
On appeal, it is argued that the trial court erred in imposing a general sentence on the charge of robbery and display of a firearm during the commission of a felony, where both charges arose out of a single transaction. The appellant relies upon Darden v. State, 306 So.2d 581 (Fla.2d DCA 1975), for the proposition that general sentences on multiple counts are improper and, therefore, concludes that the general five year sentence is illegal under the Darden rule. See also Benson v. United States, 332 F.2d 288 (5th Cir.1964). Appellant argues that the proof adduced at his trial established that he was one of two men who robbed a restaurant and that he held a gun on the individuals present in the restaurant. He argues that the testimony of the alleged victim, Mary Jane Cobb, was to the effect that she allowed the two individuals to take the money from her because "they had a gun at my head." It is, therefore, submitted that the information and the record at the trial clearly indicated that the gun displayed by the appellant was the force which was used to accomplish the robbery. Thusly, appellant contends that there was but one criminal action and, accordingly, only one sentence is proper, whereby he should have been sentenced for the robbery only. This reasoning is said to be required under the Florida Supreme Court decision of Cone v. State, 285 So.2d 12 (Fla. 1973), where the defendant was charged with robbery and display of a firearm during the commission of a felony. In that case, the Florida Supreme Court held that where the information and record of the trial indicated that the two acts involved the same victim, sentence could be imposed only for the more serious crime, i.e., the robbery.
We find that the appellant's reliance on Cone v. State is misplaced inasmuch as Cone has been overruled by implication by the holdings and reasoning of subsequent Florida Supreme Court decisions. See Estevez v. State, 313 So.2d 692 (Fla. 1975); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975); and State v. Ray, 331 So.2d 316 (Fla. 1976). See also this court's decisions in Campbell v. State, 310 So.2d 319 (Fla.3d DCA 1975); and Swyers v. State, 334 So.2d 278 (Fla.3d DCA 1976). In the Campbell case, this court addressed the issue of whether the defendant can be separately sentenced for the crimes of rape and unlawful possession of a firearm when both charges arise out of the same transaction. We there stated: "We think that the question is fully answered in the negative by the holding and the reasoning of the Supreme Court of Florida in Estevez v. State, Fla. 1975, 313 So.2d 692." (310 So.2d 319)
A second point we must address ourselves to is a discrepancy between the transcript below and the record proper. In the transcript, the trial judge indicated his intention to impose two, concurrent, five year *558 terms upon the appellant.[1] However, the actual record proper, which is the formal document of the sentence, simply imposes one five year term for both crimes. It is incumbent upon us, therefore, to remand this case to the trial judge for a corrected sentence consistent with his position in the transcript.
We hereby affirm the judgment of guilt, but reverse the sentence and remand the cause to the trial court for the entry of a corrected sentence.
NOTES
[1] "THE COURT: ... I'll adjudicate the Defendant guilty, if I have not done that, and sentence him to five years in the State prison.

* * * * * *
THE COURT: I'll sentence him to the first robbery count, and a weapon to run concurrent.
* * * * * *
THE COURT: If I can even do that.
* * * * * *
THE COURT: Whatever. Give him five years to run concurrent Nun[c] Pro Tunc to September 25th."