BOOTH, Judge,
dissenting.
I would grant rehearing and affirm the separate sentences below for use of a firearm during the commission of a felony. Florida Statute § 775.021(4), effective October 1, 1976[1], provides:
“Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order' the sentences to be served concurrently or consecutively.”
*36 The Legislature has thus adopted and codified the line of cases, rejected by the majority, upholding separate sentences imposed on a defendant convicted of violating two or more criminal statutes as part of the same act or occurrence. Estevez v. State, 313 So.2d 692 (Fla.1975) [separate sentences for (1) breaking and entering with intent to commit a felony, to wit: grand larceny, and (2) grand larceny, upheld]; Campbell v. State, 310 So.2d 319 (Fla. 3d DCA 1975) [separate sentences for (1) rape and (2) unlawful possession of a firearm in commission of offense, upheld]; Swyers v. State, 334 So.2d 278 (Fla. 3d DCA 1976) [separate sentences for (1) involuntary sexual battery, (2) false imprisonment, (3) kidnapping and (4) unlawful possession of a firearm in commission of offense, upheld]; Johnson v. State, 338 So.2d 556 (Fla. 3d DCA 1976) [separate sentences for (1) robbery and (2) display of a firearm during commission of a felony, upheld].
The majority relies on Cone v. State, 285 So.2d 12 (Fla.1973), a questionable authority as stated in Johnson v. State, supra:
“We find that the appellant’s reliance on Cone v. State is misplaced inasmuch as Cone has been overruled by implication by the holdings and reasoning of subsequent Florida Supreme Court decisions. See Estevez v. State, 313 So.2d 692 (Fla. 1975); Jenkins v. Wainwright, 322 So.2d 477 (Fla.1975); and State v. Ray, 331 So.2d 316 (Fla.1976).”
In the instant case the defendant was convicted of three counts of armed robbery [Florida Statute § 812.13], a felony of the first degree; and three counts of use of a firearm during the commission of a felony [Florida Statute § 790.07(2)], a felony of the second degree, as well as four counts of conspiracy to commit a felony [Florida Statute § 777.04(4)(b)]. On substantially similar facts in Baum v. State, 353 So.2d 936 (Fla. 3d DCA 1978), the court held:
“Joseph Baum was charged by information with two counts of robbery and one count of unlawful possession of a firearm during the commission of a felony. He was tried by jury, found guilty, convicted and sentenced to consecutive terms of life imprisonment in the state penitentiary for each of the robbery charges, and fifteen years imprisonment for the charge of unlawful possession of a firearm .
******
The second point is that the court erred in imposing separate consecutive sentences for robbery and for unlawful possession of a firearm, where both charges arose out of the same transaction. This sentencing question has been resolved adversely to the defendant. See Estevez v. State, 313 So.2d 692 (Fla.1975); Swyers v. State, 334 So.2d 278 (Fla. 3d DCA 1976); Johnson v. State, 338 So.2d 556 (Fla. 3d DCA 1976).”
The decision in Baum and cases cited therein is both the better view and the view now codified as the law of the State of Florida.
I respectfully dissent.

. Offenses here were committed in February of 1976.