366 So.2d 418 (1978)
John Murry JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
Dale McCLAIN, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 50592, 51218.
Supreme Court of Florida.
December 21, 1978.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, Miami, for Johnson.
Karen M. Gottlieb, Asst. Public Defender, Miami, for McClain, petitioners.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., Miami, and Ira N. Loewy, Asst. Atty. Gen., Miami, for respondent.
*419 BOYD, Justice.
The two instant cases are here on certiorari granted to review the decisions of the District Court of Appeal, Third District, in Johnson v. State, 338 So.2d 556 (Fla. 3d DCA 1977) and McClain v. State, 341 So.2d 1075 (Fla. 3d DCA 1977). Since these decisions conflict with our holding in Cone v. State, 285 So.2d 12 (Fla. 1973), we have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
Both petitioners were convicted of the crime of robbery and the crime of display of a firearm during the commission of a felony under Sections 813.011 and 790.07(2), Florida Statutes (1973), respectively. McClain in addition was convicted of breaking and entering a dwelling. Johnson was sentenced to two concurrent five-year terms. McClain was sentenced to three concurrent eight-year terms.
Petitioners then each appealed to the district court, arguing that the trial courts erred in imposing separate sentences for robbery and display of a weapon during the commission of a felony, on the ground that these were in each case different facets of a single criminal transaction. In Johnson, the district court acknowledged our decision in Cone, above, which held that where the crimes of robbery and display of a firearm were facets of the same criminal act, sentence may be imposed only for the more serious offense. But the court concluded that Cone has been effectively overruled by the holdings of this Court in Estevez v. State, 313 So.2d 692 (Fla. 1975); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975) and State v. Ray, 331 So.2d 316 (Fla. 1976). In McClain the court upheld the separate sentences, citing only Estevez and Swyers v. State, 334 So.2d 278 (Fla. 3d DCA 1976).
In both cases the record indicates and the evidence showed that the display in question took place in the course of the robbery itself and in fact constituted the element of force, assault, violence, or putting in fear by which the robbery was accomplished. The issue now presented to us is whether one who is convicted under such circumstances both of robbery and display of a firearm during the commission of that robbery can be separately sentenced for each offense. In Cone we answered this question in the negative and we now reaffirm that holding. The decisions in Estevez, Jenkins and Ray indicate that the scope of the "single transaction rule" is quite narrow. But none of these decisions has undermined the authority of Cone in reference to the state of facts dealt with here.
In Estevez, the appellant had been convicted of the crime of breaking and entering with intent to commit a felony, to-wit: grand larceny and the crime of grand larceny. Both crimes were part of the same criminal episode. We held that the two crimes were separate offenses, not "facets"[1] of the same transaction, and that two separate sentences were proper. This decision cannot have overruled Cone even by implication, since the factual dissimilarity calls for the application of a different rule of law. In Estevez the crimes were "separate and distinct."[2] This fact is illustrated by the temporal distinction: the crime of breaking and entering with the requisite criminal intent was complete before the asportation *420 of any property.[3] The crime of grand larceny was commenced thereafter.
In Jenkins the petitioner was convicted of the wrongful possession of two different controlled substances and was separately sentenced for each statutory violation. The two crimes arose out of the same transaction in the sense that they were committed simultaneously, i.e., the two illegal drug substances were possessed simultaneously. This Court held the separate sentences to be proper since the statutory violations were separate and distinct. Under the facts of the situation, either of them could have been committed completely independent of the other.[4]
In Ray, the two crimes charged were breaking and entering with intent to commit a felony, to-wit: sexual battery, and attempted sexual battery. As in Estevez, the temporal distinction demonstrated the separate and distinct nature of the two crimes. Ray cannot have overruled Cone any more than Estevez or Jenkins did.
The holdings in Estevez and Jenkins were "reaffirmed" by our decision in Williams v. State, 346 So.2d 67 (Fla. 1977). We there adopted the decision of the district court of appeal, 337 So.2d 1038 (Fla. 1st DCA 1976), and specifically overruled Panzavecchia v. State, 311 So.2d 782 (Fla. 3d DCA 1975). The two offenses in Panzavecchia were first degree murder and possession of a firearm by a convicted felon. The district court had held that the convictions were facets of the same transaction and the appellant could only be sentenced for the more grievous offense.
In Williams, the evidence showed that the appellant had shot a store clerk and later the same day, following an argument with another individual, had fired a gun at the individual within an occupied building. He was convicted of assault with intent to commit murder, shooting a firearm within an occupied building, and possession of a firearm by a convicted felon. The appellant argued that he should not have received a separate sentence on the possession charge, on the ground that it was a mere facet of the two criminal transactions. The district court held, at 1038-39:
The crime of possession of a firearm by a convicted felon was completed when appellant, a convicted felon, came into possession of a firearm. The other two offenses for which appellant was convicted, assault with intent to commit murder and shooting within an occupied building, necessitated proof of the use of the firearm, which is something more than mere possession.
The petitioners argue that the decisions of this Court dealing with the single transaction rule have established a "temporal distinction" test for determining whether separate sentences are proper where two or more convictions are obtained based on a single criminal episode. For example, in State v. Heisterman, 343 So.2d 1272 (Fla. 1977), the respondent had been convicted both of assault with intent to commit murder and of shooting a gun into an occupied *421 dwelling. The two crimes charged clearly arose out of a single criminal transaction, as the defendant, standing outside a dwelling, yelled at the occupants, "Come on out, I'm going to kill you," and then fired at the windows of the house with a pistol. This Court held, at 1273:
The acts constituting assault under the statute were completed when respondent verbally threatened the Simmons, pointed a pistol in their direction, and put them in fear. This crime was proved without evidence that any shots were fired... . Respondent's other conviction was based on adequate evidence that several shots were in fact fired into the house around the window area. (citations omitted.)
The state points out that petitioners' "temporal distinction" test does not satisfactorily explain all of the instances where the "single transaction" rule is held applicable. For example, the crimes of possession and sale of the same single quantity of a controlled substance can be temporally distinguished, but convictions thereof have nevertheless been held not separately punishable. Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971).
On the other hand, there is not necessarily a temporal distinction where one is convicted of the simultaneous illegal possession of two or more distinct controlled substances. As discussed above, however, such separate violations are separately punishable. Jenkins, above.
The state suggests a different test. The inquiry should be, it argues, into whether the proof of one of the offenses charged requires the proof of some fact in addition to what is required to prove the other offense. If so, then the crimes should not be considered mere facets of the same transaction, and should be separately punishable. The state would utilize this type inquiry and argues that since the crime of robbery can be committed either with or without a firearm, the use or display of a firearm is a separate fact which must be proved, in addition to proving all the elements of the crime of robbery, in order to prove display of a firearm during the commission of a felony. The state argues further that the intent of the Legislature controls whether crimes are separately punishable and it is to be assumed that all legislative enactments are to have purpose and effect. The crime of use or display of a firearm during the commission of a felony is always committed in connection with some other crime. The Legislature must not have intended to establish a criminal offense which could never be punished.
What the state's argument neglects to consider is that under the facts of the situation we consider, as shown by the evidence in each case, the act of displaying the firearm itself constituted the necessary element of force, violence, assault, or putting in fear, needed to prove the crime of robbery. The Cone decision did not say that use or display of a firearm during the commission of a felony could never be separately punished because it would always be involved with another felony. It merely said that the facts proven there showed the "display" offense to have been an element of the other crime charged, robbery. The cases at bar are factually identical and are governed by Cone.
In addition to arguing that the rule of Cone should control their cases, the petitioners also maintain that double punishment principles under the Fifth Amendment to the United States Constitution require that this be so, so that arguments as to legislative intent should be of no avail to the state here. An enactment of the 1976 Legislature, now codified as Section 775.021(4), Florida Statutes (1977), specifically provides for separate sentencing when a person, having committed "an act or acts," is convicted of the violation of two or more criminal statutes in the course of one transaction or episode. This provision went into effect on October 1, 1976. Since our disposition of these cases under Cone makes it unnecessary for us to reach petitioners' Fifth Amendment claims, we will not address these constitutional issues until they are properly presented under the new statute.
*422 The decisions of the district court upholding separate sentences for the offense of display of a firearm during the commission of a felony are quashed and the cases are remanded to the district court for a mandate to the trial court directing that the sentences for display of a firearm during commission of a felony be vacated.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
Defendants were convicted of the crime of robbery under Section 813.011, Florida Statutes (1973), and the crime of display of a firearm under Section 790.07, Florida Statutes (1973). I dissent from the majority opinion and agree with the District Court of Appeal's decision which upholds separate sentences for, what I find to be, two separate and distinct offenses arising out of the same incident.
It is clear from a reading of Sections 813.011 and 790.07 that the Legislature intended to create two separate offenses leading to two separate convictions and separate sentences. Cf. Estevez v. State, 313 So.2d 692 (Fla. 1975); Norwood v. Mayo, 74 So.2d 370 (Fla. 1954). See also United States v. Crew, 538 F.2d 575 (1976), in which the United States Court of Appeals, Fourth Circuit, held that, under federal law, it is permissible to impose separate sentences for the offenses of armed bank robbery and the unlawful carrying or use of a firearm during the commission of the robbery.
Section 775.021(4), Florida Statutes (1977), will resolve this question in future cases. This statute provides:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
Cf. State v. Munford, 357 So.2d 706 (Fla. 1978).
Although, in my opinion, the constitutional question argued by the defendants is without merit, I would not reach this question since it was raised for the first time in these proceedings in the petition for writ of certiorari. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). See also Simmons v. State, 305 So.2d 178 (Fla. 1974).
Accordingly, I would recede from Cone v. State, 285 So.2d 12 (Fla. 1973), approve the decisions of the District Court of Appeal, Third District, and uphold the separate sentences.
NOTES
[1] Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942), was an early statement of the "single transaction rule." It was there stated that where one is convicted of two or more offenses based on various counts of an indictment or information presenting different aspects of the same criminal transaction, there should be one sentence, for the most serious offense. It was held that assault with intent to commit rape and attempting to have carnal intercourse with an unmarried female under the age of eighteen of previous chaste character, were different aspects of the same transaction.

The language of different "facets" is found in Wheeler v. State, 72 So.2d 364 (Fla. 1954), which held that five counts of violating the lottery statute reflected five facets of one transaction. See also Norwood v. State, 86 So.2d 427 (Fla. 1956). Different "aspects" of one transaction were held separately punishable where the crimes were breaking and entering and grand larceny, in Steele v. Mayo, 72 So.2d 386 (Fla. 1954).
[2] Norwood v. Mayo, 74 So.2d 370 (Fla. 1954).
[3] Estevez, above. Adkins, J., concurring, at 695.
[4] The state points out that in Jenkins the Court said, at 479, "We recede from our decision in Foster v. State, [286 So.2d 549 (Fla. 1973)], to the extent that it conflicts with this opinion." In Foster, appellant had been convicted and separately sentenced for breaking and entering with intent to commit a felony and for possession of burglary tools. The only evidence of the crime of possession of burglary tools was a simple screwdriver on the accused's person when he was apprehended. There was also evidence of its use in the burglary. Because the possession charge could only have been made under the circumstances of the screwdriver having been used in the perpetration of the burglary, we held that the possession charge presented a mere facet of a single criminal transaction and that separate sentences were improper. Foster did not hold that one can never be punished separately for two crimes merely because they were committed simultaneously. It is conceivable for separate sentencing to be proper for the two crimes involved in Foster, even when their commission is simultaneous or overlapping in time, because it is possible for them to be "separate and distinct." Jenkins recognized this possibility, but receded from Foster only "to the extent that it conflicts with this decision." Limited to its peculiar facts, Foster is still good law. See generally State v. Kirkland, 322 So.2d 480 (Fla. 1975).