BOYD, Justice.
This cause is before the court on petition for certiorari to review the decision of the district court of appeal in Stevens v. State, 351 So.2d 1077 (Fla. 3d DCA 1977). The court granted certiorari because of conflict with Cone v. State, 285 So.2d 12 (Fla.1973). Conflict of decisions gives us jurisdiction. Art. V, § 3(b)(3), Fla.Const.
The state by information charged that the petitioner, on October 25, 1975, committed acts constituting an aggravated robbery under sections 812.13(1) and (2)(a), Florida Statutes (1975). A separate count of the information charged that at the same time and place, petitioner and his codefendants “did unlawfully and feloniously display certain firearms” while committing robbery. Thus the latter count alleged a violation of section 790.07(2), Florida Statutes (1975).
Upon the return of guilty verdicts on both offenses charged, the trial court entered judgment and imposed separate sentences for the two cisimes. Thus the record proper reveals that separate sentences were imposed for these two offenses in a situation where the acts charged with regard to the “display” offense in fact constituted the element of “force, violence, assault, or putting in fear” required to be proved in connection with the robbery offense. We have held that under facts such as these separate sentences for these two offenses are improper. The district court affirmed and created conflict of decisions. Johnson v. State, 366 So.2d 418 (Fla.1978); Cone v. State, 285 So.2d 12 (Fla.1973).
Petitioner’s other assertion of district court error is without merit.
The decision of the district court affirming the separate sentences for the crimes of *1371 robbery and display of a- firearm during the commission of a felony is quashed. The cause is remanded with directions to vacate the sentence imposed for the latter crime. In other respects the decision of the district court is affirmed.
It is so ordered.
ENGLAND, C. J., and ADKINS, SUND-BERG and HATCHETT, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.