392 So.2d 947 (1980)
Michael DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1656.
District Court of Appeal of Florida, Third District.
December 30, 1980.
Rehearing Denied February 13, 1981.
*948 Michael Davis, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The appellant seeks review of the summary denial of his motion under Florida Rule of Criminal Procedure 3.850 to vacate the sentences imposed upon a judgment against him after a guilty plea to offenses committed on August 19, 1977. Count I of the information, upon which Davis was sentenced to a prison term of seven and one-half years, charged the commission of robbery, during the course of which Davis carried a firearm. Count II, upon which the trial court imposed a concurrent term of seven and one-half years, charged that Davis unlawfully possessed and displayed a firearm during the commission of such robbery. Count IV, upon which Davis was sentenced to a term of seven and one-half years to run consecutively to the sentences imposed on Counts I and II, charged kidnapping.[1]
We reverse the order of the trial court denying Davis' motion to set aside the *949 prison sentence imposed on Count II[2] upon a holding (1) the crimes of (a) robbery during the course of which the defendant carried a firearm, § 812.13(2)(a), Fla. Stat. (1979), and (b) possession and display of that firearm during the commission of that robbery, § 790.07, Fla. Stat. (1979), insofar as their elements are concerned, are identical, cf. Jenrette v. State, 390 So.2d 781 (Fla. 3d DCA 1980) (holding that aggravated battery with a firearm and possession and use of a firearm in the commission of the felony of aggravated battery are identical), and will not support the imposition of separate sentences, Stevens v. State, 372 So.2d 1370 (Fla. 1979); Gonzalez v. State, 367 So.2d 1008 (Fla. 1979); Johnson v. State, 366 So.2d 418 (Fla. 1978); Cone v. State, 285 So.2d 12 (Fla. 1973); Barner v. State, 390 So.2d 468 (Fla. 3d DCA 1980); Cremade v. State, 367 So.2d 236 (Fla. 3d DCA 1979); (2) because the three-year minimum mandatory sentencing provisions of § 775.087(2)(a), Fla. Stat. (1979), are applicable to the robbery, not the possession count, Davis is entitled only to the vacation of the sentence on the possession count, Jenrette v. State, supra; (3) Davis' contention that he could not be separately and consecutively sentenced on the kidnapping charge, an offense he says arose out of the same criminal episode as the robbery, is without merit, § 775.021(4), Fla. Stat. (1979); see State v. Ray, 331 So.2d 316 (Fla. 1976); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975); Estevez v. State, 313 So.2d 692 (Fla. 1975), and this result is not altered by the fact that a consecutive three-year mandatory minimum sentence attached to the kidnapping count, see Vann v. State, 366 So.2d 1241 (Fla. 3d DCA 1979).
Affirmed in part; reversed in part.
NOTES
[1] Count III, charging grand larceny, was dismissed.
[2] Davis' plea of guilty to the offense of possession and display of a firearm waives any claim of double jeopardy, Robinson v. State, 239 So.2d 282 (Fla. 2d DCA 1970); Peel v. State, 150 So.2d 281 (Fla. 1963), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1963). Were the claim not waived, he would be entitled to have the judgment of conviction on Count II set aside. See State v. Pinder, 375 So.2d 836 (Fla. 1979); Jenrette v. State, 390 So.2d 781 (Fla. 3d DCA 1980); Hegstrom v. State, 388 So.2d 1308 (Fla. 3d DCA 1980). The guilty plea, however, is not an impediment to Davis' attack on the sentence. Robinson v. State, 373 So.2d 898 (Fla. 1979).