413 So.2d 840 (1982)
Ernest ROBBINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2264.
District Court of Appeal of Florida, Third District.
May 11, 1982.
*841 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason and Theda R. James, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
In 1973, Robbins pled guilty to robbery and unlawful display of a firearm during the commission of the robbery. He was sentenced to five years imprisonment for the robbery, to be followed by three years probation on the unlawful display count.
After completing his prison sentence and while serving his probationary term, Robbins was charged with violation of probation. His probation was revoked and Robbins was sentenced to fifteen years imprisonment for the unlawful display of the firearm.
On appeal, this court affirmed[1] the trial court's order of revocation and sentence in reliance upon Johnson v. State, 338 So.2d 556 (Fla. 3d DCA 1976). The Johnson case was subsequently overruled in Johnson v. State, 366 So.2d 418 (Fla. 1978). The Supreme Court granted Robbins' petition for certiorari and remanded[2] the case to this court for reconsideration in light of its Johnson decision.
As in the first appearance of his case before this court, Robbins argues that the trial court lacked jurisdiction to impose the fifteen year sentence because the original order placing him on probation violated the "single transaction rule." He contends that robbery and unlawful possession of a firearm while engaged in a criminal offense are facets of the same transaction and sentence could only have been imposed for the highest offense, to-wit: robbery. We agree and reverse.
The record before us indicates that the display in question took place in the course of the robbery itself, constituting the element of force or putting in fear by which the robbery was accomplished. The law is well-settled that under these circumstances, one who is convicted both of robbery and display of a firearm during the commission of that robbery cannot be separately sentenced for each offense.[3]Johnson v. State, 366 So.2d 418 (Fla. 1978); Cone v. State, 285 So.2d 12 (Fla. 1973). Thus, Robbins' initial probationary sentence was illegal.
The state argues, however, that relief in this court is precluded by Robbins' guilty plea and his failure to contemporaneously object to the imposition of sentence so as to properly preserve the point for appeal. This contention is erroneous. Appellate review is always available where a court has imposed an illegal sentence, even if the judgment and sentence have resulted from a guilty plea. Bridges v. State, 376 So.2d 233 (Fla. 1979); see also Chikitus v. Shands, *842 373 So.2d 904 (Fla. 1979). And, where fundamental error (such as a sentence which exceeds the lawful limit) appears on the record, it is reviewable by this court despite the failure of the appellant to raise the issue below. Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981); Williams v. State, 280 So.2d 518 (Fla. 3d DCA 1973).[4]
The order placing Robbins on probation was void ab initio and all proceedings flowing from the probation are also a nullity. Therefore, the sentence imposed for violation of the probation is an illegal sentence. See De La Paz v. State, 358 So.2d 1093 (Fla. 3d DCA), cert. denied, 359 So.2d 1220 (Fla. 1978); Williams v. State, supra; Ware v. State, 231 So.2d 872 (Fla. 3d DCA 1970).
Accordingly, the order appealed is reversed and the cause remanded to the trial court with directions to discharge the appellant.
Reversed and remanded with directions.
NOTES
[1] Robbins v. State, 364 So.2d 871 (Fla. 3d DCA 1978).
[2] Robbins v. State, 381 So.2d 1370 (Fla. 1980).
[3] Note that although multiple sentences for lesser included offenses are precluded, multiple convictions for lesser included offenses are not barred by either the state or federal constitution. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). The Supreme Court recently reaffirmed this principle in a situation factually identical to the instant case. State v. Monroe, 406 So.2d 1115 (Fla. 1981).
[4] Although his guilty plea is not an impediment to Robbins' attack on the sentence, Robinson v. State, 373 So.2d 898 (Fla. 1979); Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980), it does waive any claim of double jeopardy and opportunity to have the judgment of conviction set aside. Robinson v. State, 239 So.2d 282 (Fla. 2d DCA 1970); Peel v. State, 150 So.2d 281 (Fla. 2d DCA 1963), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).