PER CURIAM.
Robert Emmett appeals the summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In 1982, Emmett was convicted of robbery and eight counts of possession of controlled substances. He received a fifty-five year prison sentence, consisting of consecutive terms of fifteen years for the robbery conviction and five years for each of the possession convictions. In his rule 3.800(a) motion, Emmett contends that he should not have received consecutive sentences because all the offenses with which he was charged arose out of the same criminal transaction; he also asserts that the eight possession counts were not separate offenses because the elements of each were the same.
The trial court denied relief finding that robbery and possession of controlled substances constituted separate offenses. The court further found that possession of eight different controlled substances constituted eight separate offenses. It accordingly concluded that Emmett’s nine consecutive sentences did not constitute an illegal sentence. We agree.
Under Florida law, Emmett’s sentences are legal. There is no question that Emmett’s consecutive sentences for robbery and possession of controlled substances are proper. See § 775.021(4), Fla. Stat. (1981) (providing for consecutive sentencing for acts committed during the course of a single criminal episode that constitute a violation of two or more criminal statutes). The more troubling question is the propriety of Emmett’s consecutive sentences for each of his possession convictions. While Emmett’s sentences on these *676 convictions appear to be excessive, we cannot say from the record before us that they are illegal. See Jenkins v. Wainwright, 322 So.2d 477, 479 (Fla.1975) (holding that possession of separate drug substances, each of which constitutes a separate violation of law, is subject to multiple sentencing); see also § 921.16(1) (1981) (giving trial court discretion to direct consecutive sentences for convictions charged in the same information). We accordingly affirm the trial court’s denial of relief.
Affirmed.
PARKER, A.C.J., and BLUE and SALCINES, JJ., Concur.