# Supreme Court of Florida

––––––––––

No. SC2023-1729

––––––––––

**TYREE FORD,**
Petitioner,

vs.

**CARMINE MARCENO, SHERIFF,**
Respondent.

May 16, 2024

PER CURIAM.

Tyree Ford, a pre-trial detainee, filed a pro se "Motion for Mandamus Relief to Dismiss, and Release Defendant for Lack of Jurisdiction and Delegations of Authority by the State," which we treated as a petition for writ of mandamus. We denied the petition, retained jurisdiction, and directed Ford to show cause why he should not be sanctioned for his repeated misuse of our limited resources. *Ford v. Marceno*, No. SC2023-1729, 2024 WL 666682 (Fla. Feb. 19, 2024); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Ford responded to our show cause order. We now find

that Ford has failed to show cause why he should not be barred, and we sanction him as set forth below.

Ford, who is a pre-trial detainee with pending charges against him in Twentieth Judicial Circuit (Lee County) case numbers 362022CF000421000ACH and 362022CF014474000ACH, began filing petitions with this Court in 2022 pertaining to his two lower court cases. We have never granted the relief sought in any of Ford's filings, which have all been denied, dismissed, or transferred to another court for consideration; his petition in this case is no exception. Ford filed the mandamus petition in this case seeking to compel discovery production and to challenge the trial court's authority over him. Ford admitted that he had sought this same relief by filing a mandamus petition in another court but without success. Therefore, he raised the claim before this Court. We denied the petition as successive under *Jenkins v. Wainwright*, 322 So. 2d 477, 478 (Fla. 1975), because once a petitioner seeks relief in a particular court by means of a petition for extraordinary writ, he has picked his forum and is not entitled to a second or third opportunity for the same relief by the same writ in a different court. Furthermore, we directed Ford to show cause why he should not be

barred from filing any further pro se requests for relief in this Court.

Ford filed a response in which he continues to assert that he has a legitimate cause to file petitions in this Court and that his cases are not frivolous. In his response, he failed to express any remorse for his repeated misuse of this Court's limited resources nor acknowledge the frivolous nature of his repeated filings. Upon consideration of Ford's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Ford's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Ford will continue to burden the Court's resources.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Tyree Ford related to case numbers 362022CF000421000ACH and 362022CF014474000ACH, unless such filings are signed by a member in good standing of The Florida Bar.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Mandamus

Tyree Ford, pro se, Fort Myers, Florida,

for Petitioner

No appearance for Respondent