MANN, Chief Judge.
Benson was convicted of two counts which differently describe essentially the same conduct. One of these charges was breaking and entering with intent to commit a felony, namely assault with intent to commit rape, while armed. This constitutes an offense under Fla.Stat. § 810.01 (1973) punishable by life imprisonment or any term of years. The second offense was assault with intent to commit a felony, to-wit rape, punishable pursuant to §§ 784.06 and 775.082, F.S.1973, by imprisonment not to exceed 15 years. The trial judge entered judgment on both counts and sentenced Benson to 35 years on the first count and 15 years on the sec *504 ond, the sentences to run consecutively. As we said in Edmond v. State, Fla.App.2d 1973, 280 So.2d 449, the Legislature properly provides punishment for a wide variety of offenses and the state is at liberty to prosecute an individual under several different characterizations of essentially the same criminal episode. It is not at liberty to punish him cumulatively, however, for what is essentially the same conduct variously described. In the present case the total punishment of SO years could have been imposed upon the graver offense, so we cannot say that the total of the improperly imposed sentences exceeds that provided by law. Consequently, the sentence imposed on each count is vacated and the cause is remanded for re-sentencing on the higher charge in keeping with our decision in Baggett v. State, Fla.App. 2d 1974, 287 So.2d 336. See also Baggett v. State, Fla.App.2d 1974, 302 So.2d 206.
HOBSON and McNULTY, JJ., concur.