QUESTION: May a person be prosecuted for the offense defined by s. 228.091, F. S., which occurred subsequent to the repeal of s. 821.19, F. S. 1973, by Ch. 74-383, Laws of Florida, or must such prosecution now be brought under s. 810.08, F. S., as amended by Ch. 76-46, Laws of Florida?
SUMMARY: The repeal of s. 821.19, F. S. 1973, by Ch. 74-383, Laws of Florida, did not operate upon or affect s. 228.091, F. S., so that a person who has committed an act which constitutes an offense under s. 228.091 may still be prosecuted for a trespass upon public lands as formerly prohibited by s. 821.19 and, if found guilty, may be punished for the commission of a misdemeanor of the second degree. A person may be prosecuted under s. 810.08, F. S. (1976 Supp.), for an act which constitutes the offense defined thereby even though the same act may also constitute an offense under s. 228.091, F. S. Section 228.091, F. S., enacted by Ch. 68-3, Laws of Florida, provides as follows: In any case in which a person who is not a student, officer, or employee of a community college, state university, or public school and who is not required by his employment by the institution involved to be on the campus or any other facility owned, operated, or controlled by the governing board of any such community college, state university, or public school enters the campus of such community college, state university, or public school and is committing any act tending to interfere with the normal, orderly, peaceful, or efficient conduct of the activities of such campus or facility, the chief administrative officer or employee designated by him to maintain order on such campus or facility may direct such person to leave such campus or facility. If such person fails to do so, such person shall be guilty of trespass upon public lands as prohibited by s. 821.19 and shall be punished accordingly. (Emphasis supplied.) Section 821.19, F. S. 1967, provided at the time of the original enactment of s. 228.091, F. S., as follows: Trespass upon state lands is prohibited, and any person found guilty of such trespass shall be deemed guilty of, and punished as for, a misdemeanor; provided, this section shall not apply to any lands, title to which is now vested or which may hereafter vest in the state by reason of any tax sale certificate. This section was enacted by Ch. 16185, 1933, Laws of Florida, subsequently amended by Ch. 71-136, Laws of Florida, relating to the reclassification of criminal penalties, and repealed by Ch. 74-383, Laws of Florida, the Florida Criminal Code. It is a general rule that in the construction of a reference statute, i.e., a statute which incorporates the terms of another statute by reference, the statute referred to is treated and considered as if it were incorporated into and formed part of the reference statute. The two statutes exist as separate, distinct legislative enactments, each having its appointed sphere of action, and the alteration, change, or repeal of one does not operate upon or affect the other. See Van Pelt v. Hilliard, 78 So. 693 (Fla. 1918); 1A Sutherland Statutory Construction s. 23.32, pp. 278-279. Applying this general rule here, the terms of s. 821.19, F. S. 1967, as quoted supra, were incorporated into and formed part of s. 228.091, F. S., upon the latter's enactment into law. The two statutes existed as separate, distinct legislative enactments, and the subsequent amendment to and repeal of s. 821.19 did not operate upon or affect s. 228.091. Thus, a person who has committed an act which constitutes an offense under s. 228.091 may still be prosecuted for a trespass upon public lands as formerly prohibited by s. 821.19 and, if found guilty, may be punished for the commission of a misdemeanor of the second degree, notwithstanding the repeal of s. 821.19, F. S. 1973, by Ch. 74-383, Laws of Florida. See s. 775.081(2)(b), F. S., which provides in part that "[a]ny crime declared by statute to be a misdemeanor without specification of degree is of the second degree." As to whether a person who has committed an act which constitutes an offense under s. 228.091, F. S., may be prosecuted under s. 810.08, F. S., as amended by Ch. 76-46, Laws of Florida, relating to trespass in structure or conveyance, the Florida Legislature properly provides punishment for a wide variety of offenses, and the state is at liberty to prosecute an individual under several different characterizations of essentially the same criminal episode. See Benson v. State, 301 So.2d 503 (2 D.C.A. Fla., 1974); Edmond v. State, 280 So.2d 449 (2 D.C.A. Fla., 1973). Thus, a person may be prosecuted under s. 810.08 for an act which constitutes the offense defined thereby even though the same act may also constitute an offense under s. 228.091. For the proposition that a person may be successfully prosecuted under a general trespassing statute for trespass on property under state control, see Adderley v. Florida, 385 U.S. 39 (1966).